Dear Constable Maddox:
This office is in receipt of your request for an Attorney General opinion in regard to communication needs as the Constable for the First Justice of the Peace Court. You indicate you have tried for several months to secure a radio from the Claiborne Parish Sheriff's Department without success; you have been denied a radio and access to the radio frequency; and you are concerned for your safety as a result of these problems. Accordingly, you ask the following questions:
 1. Can the Sheriff refuse access to its radio frequency from the Constable?
 2. Does the Sheriff have a legal obligation to provide the Constable with some means of communication where safety and/or assistance or an emergency is an issue?
 3. Does the Police Jury have a legal obligation to provide the Constable with some means of communication where safety and/or assistance or an emergency is an issue?
In several opinions this office has stated that constables are not classified under the judicial system but are peace officers, Atty. Gen. Ops. 03-50, 02-240, 96-230, 84-830, 84-399. This office stated in Atty. Gen. Op. 96-230, "A constable's main duty is to execute citations, writs, summons and seizures issued by the justice of the peace of his particular district, and is considered a peace officer with all the powers of arrest and summoning of any other officer who enforces public tranquility."
We do recognize that C.C.P. Art. 332 does allow a constable of a justice of the peace court within the territorial jurisdiction of the sheriff to serve any process and execute any writ which the sheriff is authorized to serve "when authorized to do so by the sheriff."
However, we find it significant that R.S. 13:2590(A) sets forth fees a justice of the peace may demand and receive for proceedings in his court in civil matters, and Paragraph (B) provides as follows:
 Fifty percent of each fee and deposit shall be retained by the justice of the peace for fees and operational expenses of the office and court and fifty percent of the fees and deposits shall be used for fees and operational expenses of the constable's office. (Emphasis added.)
R.S. 33:1704 also sets forth fees constables and marshals shall be entitled to receive in civil matters; and R.S. 33:1702 provides "The police jury in all parishes having a population of over five thousand shall fix the pay of constables and justices of the peace and said salary shall be not less than thirty dollars per month."
However, we do not find an obligation by the Sheriff or the Police Jury to provide the means of communication sought by the constable since his main duty is to execute orders issued by the justice of the peace, and it would appear his fees and salary can be utilized to establish a source of radio communication to the court as "operational expenses of the constables office". Thus, there can be contact for any needed assistance.
Therefore, we must conclude in response to your inquiries that the Sheriff can refuse access to its radio frequency from the Constable, and neither the Sheriff nor the Police Jury has a legal obligation to provide the Constable with a means of communication. While he is considered a peace officer in connection with his duties of the Justice of the Peace Court, his powers and duties are in the jurisdiction that the Justice of the Peace Court serves and he is not a responsibility of the Sheriff or the Police Jury.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:____________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: July 11, 2003